CHARLES LOEBEL, PLAINTIFF-APPELLEE, v. MINNIE S. JEROLEMON, DEFENDANT-APPELLANT.

Argued January term, 1925—Decided April 23, 1925.

Sale of Real Estate—Broker's Commission—Oral Contract to Buy—Subsequently, Broker Resold Property at an Advance—Alleged That Non-disclosure of Resale Amounted to Fraud on Broker—Oral Agreement a Contract, Though Unenforceable Because of Statute Between Parties—To Invoke the Statute Would be to Work a Fraud on the Broker.

On appeal from the First District Court of Newark.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the plaintiff-appellee, *Frank Benjamin*.

For the defendant-appellant, *Edwin G. Adams*.

PER CURIAM.

This action was tried in the First District Court of Newark, and resulted in a judgment by court for $490 for the plaintiff.

The plaintiff, as assignee of one Charles Schnell, brought action to recover commissions earned by Schnell as a broker in the sale of defendant's realty. On December 5th, 1923, the defendant orally agred to sell, and the broker's customer, one Eisenberg, orally agreed to buy, the property in question for $14,000, the terms of the contract being settled. On December 7th, 1923, this contract was formally executed, and on the same day the authorization to sell and the agreement to pay the broker's commission was also signed. After the oral contract of the sale was made, but before it was reduced to writing, the broker effected a resale of the property from Eisenberg to one Frank Beyea, at an advance in price of $500, and received therefor a commission of $200.

The defendant now contends that non-disclosure of this resale, with the receipt of a commission thereon, amounted to a fraud by the broker upon the principal.

The broker produced a ready and willing purchaser, who orally entered into a contract to purchase on terms agreeable to the defendant owner. This constituted a contract, although unenforceable as between the parties to it by reason of the statute of frauds. If the contract had been reduced to writing when made, there could arise no question as to the broker's right to resell the property for the purchaser, Eisenberg, and to receive a commission for such service, as well as a commission upon the original sale.

To invoke the statute of frauds in such a situation, in order to deprive the broker of such commissions, would, in effect, work a fraud upon the broker. *Rauchwanger* v. *Katzin*, 82 *N. J. L.* 340.

The judgment will be affirmed.